# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U.S. HOME CORPORATION,

    Plaintiff,

v.

DONALD and KIMBERLY PARKER-HANSEN, et al.,

    Defendants.

2:11-CV-426 JCM (GWF)

## ORDER

Presently before the court is defendants Donald and Kimberly Parker-Hansen's motion to dismiss. (Doc. #10). Plaintiff U.S. Home Corporation filed an opposition. (Doc. #12). Defendants then filed a reply. (Doc. #13).

On July 5, 2011, defendants, in a representative capacity pursuant to NRS 40.645, forwarded a notice of common constructional defects to plaintiff. (Doc. #1). The notice alleged that defendants' home and the homes of "similarly situated" owners were "developed, built and sold with defective yellow brass plumbing systems that have failed due to dezincification." (Doc. #1). Plaintiff then instituted the instant action. The complaint asserts claims for declaratory relief under NRS chapter 40, enforcement of arbitration agreements, injunctive relief, and an order compelling arbitration. (Doc. #1).

Plaintiff filed a notice of related cases, stating that this case is related to several cases currently pending before Judge Jones. (Doc. #4). However, plaintiff has not filed a motion to

**James C. Mahan**
**U.S. District Judge**

transfer and consolidate.

In the instant motion to dismiss, defendants argue that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. #10).

**Federal Rule of Civil Procedure 12(b)(1)**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–[] citizens of different states." 28 U.S.C. § 1332(a). "Federal courts are courts of limited jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Defendants argue that the complaint fails "to plead any facts demonstrating that the object of its litigation amounts to $75,000 or more." (Doc. #10). Instead, the complaint generally alleges that the matter in controversy exceeds $75,000. (Doc. #1). Defendants further assert that "no individual claim comes close to $75,000." (Doc. #10). Finally, defendants argue that plaintiff cannot aggregate the claims of the individual homeowners to reach the $75,000 threshold. (Doc. #10).

In response, plaintiff notes that defendants filed a notice of constructional defects pursuant to NRS 40.645; this notice was brought in both an individual and representational capacity. (Doc. #1, Ex. 1, stating that the claim against plaintiff was brought by defendants "individually and on behalf of all similarly situated owners of residences in the Iron Mountain development"). Plaintiff estimates that it would cost between $665,956 and $1,483,712 to replace all of the yellow brass plumbing components in the housing development. Defendants' notice of constructional defects asserted a single claim against plaintiff for all "similarly situated" homeowners; therefore, the amount in controversy exceeds the $75,000 jurisdictional requirement. (Doc. #12).

As Judge Jones found in the related case of *Greystone Nevada, LLC, et. al. v. Anthem Highlands Community Association*, 2:11-cv-1424-RCJ-CWH, the plaintiffs could aggregate the individual homeowner's claims to satisfy the amount in controversy requirement. Here, defendants filed a notice of constructional effects in a representational capacity pursuant to NRS 40.645. Therefore, plaintiff can aggregate individual homeowner's claims to satisfy the amount in controversy requirement. It is undisputed that the aggregate of these individual claims exceeds $75,000. Accordingly, the court has subject matter jurisdiction.

**Federal Rule of Civil Procedure 12(b)(6)**

Defendants also move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. #10). Defendants argue that the complaint: (1) does not contain sufficient factual matter, (2) does not demonstrate a justiciable controversy sufficient to support the declaratory relief claims, and (3) does not contain all of the elements for injunctive relief. (Doc. #10).

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and

**James C. Mahan
U.S. District Judge**

- 3 -

plausibility of entitlement to relief.'" *Id.*

Plaintiff's arbitration-related claims are sufficiently pled. The complaint asserts that defendants and the "similarly situated" homeowners entered into written arbitration agreements with plaintiff, and these agreements encompass the claims set forth in defendants' notice of constructional defects. (Doc. #1). This is sufficient factual matter to state a claim to relief that is plausible on its face, and dismissal is not appropriate. *See Iqbal*, 129 S.Ct. at 1949; *see also Greystone Nevada, LLC*, 2:11-cv-1424-RCJ-CWH, doc. #25.

Similarly, the court declines to dismiss the complaint based on defendants' other two arguments: that there is no justiciable controversy and that the complaint does not include all of the elements for injunctive relief. Filing the NRS chapter 40 notice of constructional defects and defendants' refusal to arbitrate the claim has created a justiciable dispute between the parties. *Greystone Nevada, LLC*, 2:11-cv-1424-RCJ-CWH, doc. #25. Further, plaintiff's claim for injunctive relief is supported by sufficient factual allegations and all the elements for injunctive relief can be inferred from the complaint. *Id.*

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Donald and Kimberly Parker-Hansen's motion to dismiss (doc. #10) be, and the same hereby is, DENIED.

DATED April 11, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -